**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| TERENCE THOMPSON, | : | |
| | : | Civil No. 11-7164 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| CHARLES WARREN, *et al.*, | : | |
| | : | |
| Respondents | : | |

This matter has been reopened before the Court upon lifting the stay imposed while Petitioner exhausted his state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). Presently before the Court are Petitioner's requests for appointment of counsel and for an evidentiary hearing. (Petr's Reply, ECF No. 38.)

I.  BACKGROUND

On July 31, 2014, the Court denied all but one of Petitioner's habeas claims, reserving one claim that was unexhausted in the state courts. (Opinion, ECF No. 24 at 1.) On January 7, 2015, the Court stayed this matter to permit Petitioner to exhaust Point Three of his traverse to his habeas petition in the state courts. (Opinion, ECF No. 29, Order, ECF No. 30.)

The PCR court held an evidentiary hearing and concluded that "defendant failed to meet his burden of establishing that there was 'a reasonable probability that but for [trial counsel's

misadvice regarding [defendant's] sentence exposure he would have accepted the plea offer.'" State v. Thompson, 2018 WL 1352141, at *2 (App. Div. Mar. 16, 2018). Despite the finding of no prejudice and denial of the PCR petition, the PCR court granted Petitioner's application for a resentencing hearing. (Order, ECF No. 37-35 at 1.) The PCR court resentenced Petitioner to a thirty-year term of imprisonment with a 30-year period of parole ineligibility. (Transcript of PCR Hrg, ECF No. 37-81 at 41.)

The Appellate Division, however, held that Petitioner's PCR petition was the only application before the PCR court, and denial of that application should have ended the matter. Thompson, 2018 WL 1352141, at *2. Thus, the Appellate Division vacated the sentence entered by the PCR judge and remanded for entry of a JOC consistent with the originally imposed sentence. Id. The New Jersey Supreme Court denied certification. State v. Thompson, 235 N.J. 303 (N.J. Oct. 5, 2018). Petitioner's ineffective assistance of counsel claim has now been exhausted and is before this Court for habeas review.

Respondents filed an answer to the remaining, exhausted claim. (Answer, ECF No. 37.) Petitioner filed a reply brief on April 8, 2019. (Petr's Reply, ECF No. 38.) In his reply brief, Petitioner requested appointment of counsel and an evidentiary hearing. (Id.) He further alleged that he could not comprehensively reply to Respondents' supplemental answer because Respondents

served only their letter brief on Petitioner without the accompanying exhibits. (Petr's Reply, ECF No. 38.)

II. REQUEST FOR AN EVIDENTIARY HEARING

The Antiterrorism and Effective Death Penalty Act ("AEDPA") places restrictions on a district court's discretion to grant evidentiary hearings in federal habeas proceedings. Morris v. Beard, 633 F.3d 185, 193 (3d Cir. 2011). First, habeas review under § 2254(d)(1) of a claim decided on the merits in state court is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180 (2011). In this case, Petitioner's claim was decided on the merits by the Appellate Division's March 16, 2018 decision, affirming the PCR court's denial of Petitioner's ineffective assistance of counsel claim and vacating the PCR court's Amended JOC upon resentencing. Thompson, 2018 WL 1352141. Pursuant to § 2254(d)(1), habeas review is limited to the record that was before the Appellate Division.

Second, 28 U.S.C. § 2254(e)(2) provides,

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

3

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has not presented any basis to hold an evidentiary hearing under § 2254(e)(2). Petitioner's request for an evidentiary hearing is denied.

III. REQUEST FOR APPOINTMENT OF COUNSEL

The Third Circuit has set forth the guidelines for appointment of counsel to a petitioner in an action under 28 U.S.C. § 2254. <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263-64 (3d Cir. 1991), <u>superseded on other grounds by statute</u>, 28 U.S.C. § 2254(d).

> Any person seeking relief under § 2254 may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (1988) ( "Discretionary appointments"). Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir.1990). Courts have held, for example, that there was no abuse of

> a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir.1990), *cert. denied*, 499 U.S. 979, 111 S.Ct. 1631, 113 L.Ed.2d 726 (1991), or the issues were "straightforward and capable of resolution on the record," *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir.1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987).

Id. at 263–64.

In support of his request for counsel, Petitioner contends that he is unable to afford counsel and he is

> a functionally illiterate individual lacking the most basic knowledge of criminal law or wherewithal required to effectively respond [to the] State's reply brief, including but not limited to inability to do legal research, find relevant case or sheppardize [sic] cases, who is also experiencing extra-ordinary circumstances, i.e., he is allowed extremely limited access to prison law library, scheduled law library visit[s] are routinely canceled, and there is no assistance of paralegal[s] available to South Woods State Prison to aide [sic] prisoners [to] do legal research necessary to comprehensively develop responsive legal documents.

(ECF No. 38 at 2.)

Petitioner asserts that this is a complex case because it involves the unreasonable application of long established federal law. (Id. at 3, citing Strickland v. Washington, 466 U.S. 668 (1984)). He further claims that the case involves medical issues

that may require expert testimony and that discovery and depositions of witnesses will be required. (Id.)

Further factual development of the record in this matter is precluded by 28 U.S.C. § 2254(d)(1) and § 2254(e)(2); therefore, there will not be any discovery. There is only one issue remaining in this case, whether the Appellate Division's March 16, 2018 decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner has ably represented himself in this matter and the only remaining issue is straightforward. The Court will deny the request for appointment of counsel.

IV. SERVICE OF RESPONDENTS' APPENDIX

Petitioner contends that he cannot fully reply to Respondents' supplemental answer because they did not serve him with copies of the attached exhibits. Given that habeas review is limited to the state court record pertaining to the one issue before the PCR Court (Transcript of PCR Hrg, ECF No. 37-81), and review of that decision by the Appellate Division, Respondents need only provide Petitioner with the exhibits relevant to those proceedings.

**IT IS** therefore on this **16th** day of **October 2019**,

6

**ORDERED** that Petitioner's request for appointment of counsel pursuant to 18 U.S.C. § 3006A (ECF No. 38) is **DENIED**; and it is further

**ORDERED** that Petitioner's request for an evidentiary hearing (ECF No. 38) is **DENIED**; and it is further

**ORDERED** that Respondents shall serve on Petitioner the relevant exhibits, discussed above, within fourteen days of the date of entry of this Order; and it is further

**ORDERED** that Petitioner shall have sixty days from the date of service of the exhibits by Respondents on Petitioner to file a reply brief; and it is further

**ORDERED** that the Clerk shall administratively close this action, solely for administrative purposes, subject to reopening upon the Court's receipt of Petitioner's reply brief; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**