UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TERENCE THOMPSON, | : | |
| | : | Civil No. 11-7164 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, *et al.*, | : | |
| | : | |
| Respondents | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 46) and Respondents' brief in opposition (ECF No. 47.) For the reasons discussed below, the Court denies reconsideration.

I. BACKGROUND

Following a jury trial in the New Jersey Superior Court, Law Division, Camden County, Petitioner was convicted of robbery, felony murder, and related offenses. State v. Thompson, 2011 WL 499394 at *2 (N.J. Super. Ct. App. Div. Feb. 15, 2011). On April 28, 2000, Petitioner was sentenced to an aggregate sentence of life in prison without parole. Thompson, 2011 WL 499394 at *2. On December 4, 2003, the Appellate Division, affirmed Petitioner's convictions but remanded for a sentencing modification. (ECF No. 37-9 at 6-7.) On February 13, 2004, the trial court re-sentenced

Petitioner, again sentencing him to life in prison without parole. Thompson, 2011 WL 499394 at *3. The Supreme Court of New Jersey denied certification, State v. Thompson, 179 N.J. 373 (2004), and the Supreme Court of the United States denied certiorari. Thompson v. New Jersey, 543 U.S. 888 (Oct. 4, 2004).

On October 13, 2004, Petitioner filed a petition for post-conviction relief. (ECF No. 37-19.) Thompson, 2011 WL 499394 at *3. The PCR court denied relief. Id. at *3-4. On February 15, 2011, the Appellate Division affirmed the PCR court. Id. at *4-12. The Supreme Court of New Jersey denied certification on June 16, 2011. State v. Thompson, 207 N.J. 35 (2011).

On December 9, 2011, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) On January 15, 2015, this Court granted a stay until Petitioner exhausted Point Three of his petition in the state courts by raising his claim that trial counsel was ineffective for failing to advise Petitioner of his maximum sentencing exposure of life without parole. (Order, ECF No. 30.)

Accordingly, on February 25, 2015, Petitioner filed a second petition for post-conviction relief (PCR) in the Superior Court, Law Division, Camden County. (ECF Nos. 37-35, 37-36 and 37-37.) The PCR court denied the claim of ineffective assistance of counsel but nonetheless re-sentenced Petitioner to a thirty-year term of imprisonment, with a thirty-year period of parole ineligibility;

the minimum sentence he could receive based upon his convictions. (ECF No. 37-81 at 41).

Petitioner filed a Notice of Appeal. (ECF No. 37-36.) The Appellate Division found that the PCR court was without authority to resentence Petitioner. (ECF No. 37-43 at 5.) Accordingly, the Appellate Division vacated the Judgment of Conviction entered by the PCR judge, and remanded for an entry of a Judgment of Conviction consistent with the originally imposed sentence. (Id. at 6.) On March 16, 2018, an Amended Judgment of Conviction was entered, consistent with the Appellate Division's ruling. (ECF No. 37-44.) On October 5, 2018, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 37-39.) This Court denied Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 by Opinion and Order dated November 19, 2019. (Opinion, ECF No. 44; Order, ECF No. 45.)

II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Local Civil Rule 7.1(i) governs motions for reconsideration in the District of New Jersey. The rule permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. The movant must demonstrate either: "(1) an intervening change in the controlling

3

law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998) (citation omitted).

Petitioner's motion is a rehashing of arguments considered and rejected by the Court in its denial of Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. "When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute 'should be dealt with in the normal appellate process, not on a motion for reargument[.]'" Tischio, 16 F. Supp. 2d at 532 (citing Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F.Supp 1216, 1220 (D.N.J. 1993); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 163 (D.N.J.1988)).

III. CONCLUSION

For the reasons set forth above, the Court will deny Petitioner's motion for reconsideration. The Court denies a certificate of appealability because Petitioner's motion for reconsideration is meritless. See 28 U.S.C. § 2253(c) ("A

4

certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.")

An appropriate Order follows.

Dated: March 17, 2020

                                        <u>s/Renée Marie Bumb</u>
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**